## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| PETER LE, CHARLES LYNCH, DORIEN BAKER and DARRICK WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MCDONALD'S CORPORATION dba MCDONALD'S, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>*Defendants*. | **Case No.**<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

Plaintiffs Peter Le, Charles Lynch, Dorien Baker, and Derrick Wilson, individually, and on behalf of all other members of the public similarly situated, based on information and belief, bring the following allegations against Defendant McDonald's Corporation dba McDonald's.

### NATURE OF THE ACTION

1. "The McRib is back!" is a phrase recognized across the United States, stirring excitement among McDonald's customers eager for the limited-time sandwich offering. For decades, McDonald's has cultivated a sense of anticipation around the McRib, leveraging its scarcity to drive sales across its many locations. Fans eagerly await each return, trusting that the sandwich they're biting into is exactly what the name implies: a sandwich crafted using pork "rib" meat, which is prized by consumers for its high fat content and rich flavor.

2. The reality, however, is far from what McDonald's advertising and branding suggest. Despite its name and distinctive shape—its meat patty has been deliberately crafted to resemble a rack of pork ribs—the McRib *does not contain any actual pork rib meat* at all.[1] Instead,

---

[1] *McRib*, MCDONALD'S, https://www.mcdonalds.com/us/en-us/product/mcrib.html#accordion-c921f9207b-item-842cb18782 (last visited Dec. 18, 2025); Michael Durden, *5 Disturbing McRib*

its meat patty is reconstructed using ground-up portions of lower-grade pork products such as, *inter alia*, pork shoulder, heart, tripe, and scalded stomach.[2]

3.      Pork rib meat is derived from the muscle and fat found on a pig's rib cage. The two main types of pork rib meat are spare ribs—thick, juicy cuts from the bottom of the rib cage—and baby back ribs—leaner but tender cuts cut from the top portion of the rib cage. Both are considered "premium" cuts of pork that command higher prices to match. This is reflected by the U.S. Department of Agriculture's (USDA) National Daily Pork Report—a daily summary of the U.S. pork market that provides updated pricing for businesses that purchase high volumes of pork— which consistently finds that pork "rib" meat is significantly more valuable than lower-quality cuts such as "loin" or "butt."[3] For instance, on November 17, 2025, pork "rib" meat was valued at $152.32 per 100 pounds, while pork "butt" was only valued at $108.84 and pork "loin" was only valued at $85.90.[4]

4.      The name "McRib" is a deliberate sleight of hand. By including the word "Rib" in the name of the sandwich, McDonald's knowingly markets the sandwich in a way that deceives reasonable consumers, who reasonably (but mistakenly) believe that a product named the "McRib" will include at least some meaningful quantity of actual pork rib meat, which commands a premium price on the market. McDonald's does this despite knowing that the sandwich in fact does not contain any meaningful quantity of actual pork rib meat—indeed, none at all.

---

*Facts: Nutrition, Ingredients, and Animal Cruelty*, Delishably, https://delishably.com/dining-out/five-disturbing-facts-about-the-mcrib (last updated Dec. 8, 2023); Whet Moser, *The Invention of the McRib and Why It Disappears from McDonald's*, Chicago Magazine (Oct. 25, 2011, 12:38 p.m.) https://www.chicagomag.com/city-life/october-2011/the-invention-of-the-mcrib-and-why-it-disappears-from-mcdonalds/.

[2] Durden, *supra*, *5 Disturbing McRib Facts: Nutrition, Ingredients, and Animal Cruelty*, https://delishably.com/dining-out/five-disturbing-facts-about-the-mcrib; Moser, *supra*, The *Invention of the McRib and Why It Disappears from McDonald's*, https://www.chicagomag.com/city-life/october-2011/the-invention-of-the-mcrib-and-why-it-disappears-from-mcdonalds/

[3] National Daily Pork Report FOB Plant – Negotiated Sales – Afternoon, USDA, https://www.ams.usda.gov/mnreports/ams_2498.pdf (November 17, 2025)

[4] *Id.*

5. Consumers' expectations of pork rib meat are reasonable. Costing up to $7.89 U.S. Dollars before tax,[5] the McRib is among the most expensive single-item options on the menu at McDonald's when it is offered. The item's high price, coupled with its limited availability, misleads consumers into believing that they are buying a premium product containing at least some meaningful amount of actual pork rib meat. Instead, those consumers received a lower-quality restructured meat product that did not contain any actual pork rib meat.

6. Put simply: consumers have been materially misled *en masse* as a result of McDonald's deceptive labeling and marketing into purchasing sandwiches that they would not otherwise have purchased, or would only have paid less for, had they known the truth.

7. By including the word "Rib" in the name of the McRib, as well as by going out of its way to shape the sandwich's patty into the shape of a pork rib, McDonald's knows or should know that consumers are so misled. In fact, it is precisely these misleading attributes that drive sales of the sandwich, which is why McDonald's continues to bring it back time after time. This is evidenced by McDonald's same store sales (a metric used to measure the difference in revenue generated by a retail chain's existing outlets between two time periods, usually two differing years), which noticeably spike every time the McRib is reintroduced to the menu.[6] Indeed, McDonald's has reported selling over 30 million McRib sandwiches in a single year alone.[7]

8. As a result of McDonald's false representations, omissions, and concealments about the McRib, Plaintiffs and Class Members have suffered damages. Plaintiffs and Class Members were induced to purchase the McRib under the reasonable but mistaken belief that they were purchasing a sandwich which contained actual pork rib meat. Instead, they received a

---

[5] *Official 2024 US McRib Release Day*, MCRIB LOCATOR, (Dec. 3, 2024), https://mcriblocator.com/blog/.

[6] J. Edward Moreno, *McDonald's ace in the hole, the McRib, returns the moment it's McNeeded*, SHERWOOD MEDIA, LLC (Nov. 20, 2024 2:50 p.m.), https://sherwood.news/business/mcdonalds-mcrib-is-back-hog-futures/.

[7] Maxim Staff, *The Cult of the McRib*, MAXIM (Feb. 3, 2009), http://www.maxim.com/amg/humor/articles/70280/thecultofthemcrib.html; archived at Wayback Machine, https://web.archive.org/; citing a capture dated November 17, 2010, https://web.archive.org/web/20101117153600/http://www.maxim.com/amg/humor/articles/7028 0/thecultofthemcrib.html.

sandwich that did not contain any actual pork rib meat, only lower-grade pork products such as, *inter alia*, pork shoulder, heart, tripe or scalded stomach.

## THE PARTIES

9.      Plaintiff Le is a resident of Baldwin Park, California and a citizen of the State of California. On or around November 15, 2024, Plaintiff Le purchased a McRib after having been induced by McDonald's false representations, omissions and concealments into the reasonable but false belief that it contained actual pork rib meat. Had Plaintiff Le known that the McRib did not contain any actual pork rib meat, he would not have purchased the McRib or would only have purchased it for a lower price.

10.      Plaintiff Lynch is a resident of Poughkeepsie, New York and a citizen of the State of New York. Plaintiff Lynch has purchased the McRib on many occasions, including most recently in December 2024. At the time of each purchase, Plaintiff Lynch had been induced by McDonald's false representations, omissions and concealments into the reasonable but false belief that it contained actual pork rib meat Had Plaintiff Lynch known that the McRib did not contain any actual pork rib meat, he would not have purchased it or have only purchased it for a lower price.

11.      Plaintiff Baker is a resident of Chicago, Illinois and a citizen of the State of Illinois. Plaintiff Baker purchased the McRib several times in December 2024. At the time of each purchase, Plaintiff Baker had been induced by McDonald's false representations, omissions and concealments into the reasonable but false belief that it contained actual pork rib meat. Had Plaintiff Baker known that the McRib did not contain any actual pork rib meat, he would not have purchased it or have only purchased it for a lower price.

12.      Plaintiff Wilson is a resident and citizen of the District of Columbia. On or around November 28, 2024, Plaintiff Wilson purchased a McRib, after having been induced by McDonald's false representations, omissions and concealments into the reasonable but false belief that it contained actual pork rib meat. Had Plaintiff Wilson known that the McRib did not contain any actual pork rib meat, he would not have purchased the McRib or would only have purchased it for a lower price.

13.     McDonald's is a Delaware corporation with its principal address located at 110 North Carpenter Street, Chicago, Illinois 60607. McDonald's registered agent for service of process is The Prentice-Hall Corporation System, Inc. It can be served at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

## JURISDICTION AND VENUE

14.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d), because (1) there exist members of the proposed Class who are citizens of states different from Defendant; (2) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (3) over two-thirds of the members of the Class reside in states diverse from Defendant. Further, this Court has federal question jurisdiction over Plaintiffs' claims for violations of federal law.

15.     Additionally, under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims alleged herein because those claims all derive from a common nucleus of operative facts and are such that Plaintiffs ordinarily would expect to try them in one judicial proceeding.

16.     This Court has personal jurisdiction over Defendant because (1) Defendant is headquartered in and transacts substantial business in this District, including the marketing, sale and distribution of the McRib; (2) Defendant has purposefully availed itself of the privileges of conducting business in this District; and (c) the harm alleged by Plaintiffs arises from Defendant's conduct directed in part towards consumers in this District.

17.     Venue is proper in this District because (1) Plaintiff Baker is a resident of this District; (2) McDonald's resides in and conducts substantial business within this District; and (3) the harm suffered by Plaintiffs and Class Members occurred in part in this District.

## GENERAL FACTUAL ALLEGATIONS

### I.     The McRib: McDonald's Misrepresentations, Omissions and Concealments

18.     Since 1981, McDonald's has offered the McRib on a periodic, limited-time basis throughout the United States. At all times relevant to this action, the sandwich has been deliberately marketed and sold under the "McRib" name, which communicates to reasonable consumers that its meat patty includes, in some meaningful quantity, actual pork rib meat. That

consumers' expectations are reasonable is self-evident: the sandwich's name explicitly includes the word "Rib."

19.     To further reasonable consumers' false impression that the McRib contains at least some meaningful amount of pork rib meat, McDonald's goes so far as to shape the sandwich's meat patty into resembling a cooked rack of pork ribs in the spare rib or baby back rib cut. This distinctive shape is intended to cause consumers to associate the sandwich with those premium pork rib cuts and serves to further mislead them into believing that the sandwich contains at least some actual pork rib meat.

20.     Images of the McRib's distinctive rib-like shape being emphasized in McDonald's advertising and marketing of the McRib are included below.

*Examples of McDonald's advertisements emphasizing the McRib's distinctive rib-like shape*

Figure 1[8]



---

[8] *McDonald's Gets Saucy This Holiday Season to Celebrate the Return of the McRib Sandwich*, MCDONALD'S, (Nov. 20, 2024), https://corporate.mcdonalds.com/corpmcd/our-stories/article/mcdonalds-gets-saucy-this-holidayseason-to-celebrate-thereturn-ofthe-mcrib-sandwich.html.

Figure 2[9]



Figure 3[10]



[9] Daniel Noriega, *The McRib is Back With Some Serious McHistory*, THE STERLING (Nov. 13, 2020), https://mwsterling.org/16838/lifestyle-culture/the-mcrib-is-back-with-some-serious-mchistory/#

[10] RetroCommercial.com, *McDonald's McRib* Commercial, YOUTUBE https://www.youtube.com/watch?v=6OKhkMnn8nQ at 0:08 (last visited May 6, 2025).

Figure 4[11]



21.     To bolster consumers' false impressions, McDonald's marketing campaigns—including its television commercials, in-store advertisements, and online promotions—consistently advertise the McRib as a unique, premium product, relying on both its limited availability and the implication that it is made with actual pork rib meat to justify premium pricing and drive consumer demand. For instance, McDonald's press release for its most recent relaunch of the McRib states: "The wait is finally over. Starting Dec. 3, for a limited time, your favorite saucy sandwich—The McRib—returns to participating restaurants just in time to satisfy your holiday cravings. After all, 'tis the season . . . McRib SZN, that is."[12]

---

[11]     McDonald's, *'Tis the Season of Tangy BBQ Sauce*, YOUTUBE, https://www.youtube.com/watch?v=8X6JJZMBurM at 0:01 (last visited Dec. 18, 2025).

[12]     *McDonald's Gets Saucy This Holiday Season to Celebrate the Return of the McRib Sandwich*, MCDONALD'S, (Nov. 20, 2024), https://corporate.mcdonalds.com/corpmcd/our-stories/article/mcdonalds-gets-saucy-this-holidayseason-to-celebrate-thereturn-ofthe-mcrib-sandwich.html (emphasis in original).

22.    Further examples of McDonald's limited-time advertising for the McRib are included below:

Figure 5: "McRib szn is here"[13]



---

[13] McDonald's New England (@mcdonaldsnewengland), The McRib returning to New England is proof that holiday miracles DO exist, INSTAGRAM (Dec. 5, 2024) https://www.instagram.com/mcdonaldsnewengland/p/DDM6dcFOnMv/

Figure 6: "The McRib Has Really Returned. Really. Whilst Stocks Last"[14]



23.     These marketing tactics create a perception that the McRib is a higher-quality, rib-based product when it is not. In reality, the McRib *does not contain any meaningful amount of actual pork rib meat*. Its rib-shaped patty is instead composed of exclusively lower-quality pork products, such as, *inter alia*, pork shoulder, heart, stomach, and tripe.

---

[14] JD, *McDonalds McRib Review: Return of the King?*, CHEESEBURGERME (October 18, 2024), https://cheeseburgerme.com/mcdonalds-mcrib-review-return-of-the-king/

II.     **McDonald's Misrepresentations, Omissions and Concealments were Knowingly Made and with the Intent to Mislead**

24.     McDonald's omissions and concealments are intentional. McDonald's has named its product the "Mc*Rib*" and simultaneously promotes it alongside imagery and language that suggests to reasonable consumers that it consists of or at least contains pork rib meat. At the same time, McDonald's deliberately avoids telling the truth to consumers—that the McRib does not contain *any* pork rib meat—allowing misconceptions to persist.

25.     McDonald's was, at all times relevant to this action, exclusively aware that the McRib did not contain any actual pork rib meat. Reasonable consumers could not and would not have reasonably discovered this fact on their own. Likewise, by naming the sandwich the "McRib" and shaping it to resemble a cooked pork rib, McDonald's knew or should have known that reasonable consumers were likely to be misled into the false impression that the McRib contained at least some actual pork rib meat when in fact it did not.

26.     Despite this, McDonald's has never clearly disclosed the truth to its customers: that the McRib does not contain *any* meaningful amount of actual pork rib meat. McDonald's had ample opportunity to disclose that material fact—whether in its advertising, promotional materials, or in-store or online menus Instead, McDonald's intentionally chose not to do so and instead concealed and omitted that material fact to drive sales for its product.

27.     As shown, McDonald's deliberately markets the McRib using visuals and descriptions that suggest it contains actual pork rib meat while simultaneously failing to disclose or clarify that the sandwich does not actually contain actual pork rib meat. At the same time, McDonald's systematically and deliberately withholds key material facts about the McRib, ensuring that consumers remain misled about the nature, composition, and quality of the product. This pattern of omission is not incidental, but part of a broader, intentional marketing strategy designed to obscure the truth and maximize sales.

III.    **Reasonable Consumers Are Materially Misled**

28.     Reasonable consumers such as Plaintiffs and the Class are materially misled by McDonald's misrepresentations, omissions, and concealments into believing that the sandwich

contains, at least in some meaningful quantity, actual pork rib meat. That reasonable but false belief about the sandwich was material to their purchasing decisions—meaning that absent that belief, they would not have purchased the McRib at all or would only have been willing to purchase it at a substantially lower price.

29.     Two consumer surveys conducted by Plaintiffs' survey expert demonstrate this to be the case. The first survey (the "Expectations Study") presented participants with an image of a McRib advertisement taken from the menu of a physical McDonald's location. The survey then presented those participants with several meat options (rib meat, pork, beef, chicken, no meat, and not sure) and asked them to list every type of meat that they expected the sandwich to contain. Of the 215 screened respondents, 155 (72%) indicated that they expected the McRib to include rib meat.

30.     The Expectations Study demonstrates that most consumers, when presented with even just a single menu advertisement for the McRib—something every Class Member must have seen to prior to making their purchase—came away with the expectation that it would contain at least some actual pork rib meat.

31.     The second survey (the "Importance Study") presented participants with the same image of the McRib and asked participants: "How important is it to you personally that the McRib is made from rib meat when deciding whether or not to purchase it?" Respondents were instructed to select from a series of options ranging from very unimportant, unimportant, neutral, important, and very important. Of the 174 screened respondents, 118 (67%) indicated that whether the McRib contained rib meat was either "important" or "very important" to their purchasing decision.

32.     The Importance Study demonstrates that most consumers find the fact of whether the McRib contains any actual pork rib meat to either be important or very important to their decision to purchase it.

33.     Additionally, consumer confusion surrounding the true contents of the McRib is exacerbated by McDonald's efforts to promote the McRib as a special, limited-time item. This cycle of sporadic availability creates a sense of urgency that discourages deep consumer scrutiny

and deters sustained discussion or scrutiny into its actual ingredients, which further bolsters the longevity of consumer misconceptions regarding the sandwiches' rib meat content.

34.     For instance, a common theory among certain consumers is that the McRib is brought back only when pork prices are sufficiently low, with availability analyses done by fans of the sandwich finding that relaunches of the sandwich frequently coincide with a dip in pork prices in the United States.[15] Reasonable consumers who, believing that the McRib contains actual pork rib meat, may thus come to believe that the McRib is only made available when the price of spare ribs or baby back ribs fall to the point where it becomes viable for McDonald's to purchase them at scale.

35.     A second common theory is that the McRib is a "loss leader"—a product which costs businesses more to make than sell, but whose availability encourages consumers to purchase additional items which make up for those losses. In other words, reasonable consumers may believe that the McRib is a premium pork rib meat sandwich that McDonald's brings back strategically when it needs to drive up sales of its other items.[16]

36.     Finally, McDonald's, as the franchisor, controls the composition, pricing, and marketing of its own products, including the McRib. McDonald's produces and markets the McRib sandwich, as well as directs its franchisee locations on how the product is priced and displayed on their menus. In turn, McDonald's franchisee locations serve as agents of McDonald's to the general public. As a result, reasonable consumers who purchase the McRib at any McDonald's franchise location reasonably believe that they are entering into a purchase agreement with the McDonald's corporation.

---

[15]     Felix Salmon, *The McRib Returns*, AXIOS (Dec. 3, 2020) https://www.axios.com/2020/12/03/mcdonalds-mcrib-returns-pork-price-low.

[16] Jamie Wilde, *The McRib's Many Economic Conspiracy Theories*, MORNING BREW (Dec. 4, 2020) https://www.morningbrew.com/stories/2020/12/04/mcribs-many-economic-conspiracy-theories.

**IV.** **Consumers Suffered Harm as a Result of McDonald's Material Misrepresentations and Omissions**

37.     The McRib is among the most expensive individual menu items at McDonald's, often priced higher than burgers made with 100% beef patties. For example, during the McRib's spurt of availability in December 2024, McDonald's sold the McRib at an average price of $5.63 across the country, with prices reaching up to $7.89 at some locations.[17] During that same timeframe, McDonald's Big Mac was sold at an average price of $5.29.[18]

38.     Accordingly, consumers, including Plaintiffs and Class Members who were misled by McDonald's misrepresentations and omissions, purchased the McRib at a price premium. Plaintiffs and Class Members purchased the McRib under the false but mistaken belief that it contained actual pork rib meat. They would not have made those purchases or would only have been willing to pay substantially less for the McRib, had they been made aware of the truth. As a result, Plaintiffs and Class Members have been denied the benefit of their bargains.

39.     Put simply, McDonald's has engaged in deceptive omissions and misleading marketing towards its customers. In order to drive sales and enrich itself unjustly, McDonald's deliberately named and marketed the McRib as a premium, limited time offering in a manner that it knew would mislead reasonable consumers into believing that the sandwich contained actual pork rib meat when it did not.  McDonald's deceptive omissions and misleading marketing have resulted in millions of dollars in consumer harm, warranting legal remedies including compensatory damages, restitution, and injunctive relief to prevent further deceptive advertising practices.

---

[17] *Official 2024 US McRib Release Day*, MCRIB LOCATOR, (Dec. 3, 2024), https://mcriblocator.com/blog/.

[18] Joe Erlinger, *Providing meaningful value to our fans, with a side of facts*, MCDONALD'S (May 29, 2024), https://corporate.mcdonalds.com/corpmcd/our-stories/article/providing-meaningful-value-to-our-fans-with-a-side-of-facts.html.

## **CLASS ACTION ALLEGATIONS**

40.     Plaintiffs bring certain claims individually, as well as on behalf of each and all others similarly situated and thus seek class certification of the following class and sub-class definitions pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and/or (b)(3), and/or (c)(4).

41.     The proposed Nationwide Consumer Class is defined as follows:

> All persons residing in the United States who purchased a McRib sandwich from McDonald's during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

42.     The proposed California Consumer Sub-Class is defined as follows:

> All persons residing in the State of California who purchased a McRib sandwich from a McDonald's location in California during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

43.     The proposed New York Consumer Sub-Class is defined as follows:

> All persons residing in the State of New York who purchased a McRib sandwich from a McDonald's location in New York during the period beginning three years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

44.     The proposed Illinois Consumer Sub-Class is defined as follows:

> All persons residing in the State of Illinois who purchased a McRib sandwich from a McDonald's location in Illinois during the period beginning three years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

45.     The proposed District of Columbia Consumer Sub-Class is defined as follows:

> All persons residing in the District of Columbia who purchased a McRib sandwich from a McDonald's location in the District of Columbia during the period beginning three years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

46.     Excluded from the Classes are: (1) McDonald's, including any entity in which McDonald's has a controlling interest, is a parent or a subsidiary of, or which is controlled by any of the McDonald's; (b) the officers, directors, and legal representatives of McDonald's; and (3) the judge and the court personnel in this case as well as any members of their immediate families.

Plaintiffs reserve the right to amend the definition of the Class if discovery, further investigation and/or rulings by the Court dictate that it should be modified.

47.     *Numerosity*: The members of the Class are so numerous that the joinder of all members is impractical. The disposition of the claims of Class Members in a single action will provide substantial benefits to all parties and to the Court. The Class Members are readily identifiable through self-identification via proof of purchase, or from information and records in McDonald's possession, custody, or control such as, *inter alia*, customer purchase records.

48.     *Ascertainabiliy*: Each of the Classes are ascertainable because their members can be readily identified using Plaintiffs' and Class Members' own records, as well as McDonald's' or third parties' records kept in the usual course of business and within their control. Plaintiffs anticipate providing appropriate notice to the Class in compliance with Rule 23(c)(1)(2)(A) and/or (B), to be approved by the Court after class certification, or pursuant to court order under Rule 23(d).

49.     *Commonality and Predominance*. Common questions of fact and law predominate over questions affecting only individual Class Members in this action. These include, without limitation, the following:

(a)     Whether the McRib contains any actual pork rib meat;

(b)     Whether reasonable consumers are misled into believing that the McRib contains pork rib meat;

(c)     Whether McDonald's knew or should have known that reasonable consumers are misled into believing that the McRib contains pork rib meat;

(d)     Whether McDonald's intended, through their affirmative conduct or by nondisclosure or omission, to lead consumers to believe that the McRib contains pork rib meat;

(e)     Whether McDonald's adequately disclaimed that the McRib does not contain any pork rib meat;

(f)     Whether purchasers of the McRib paid a price premium for a sandwich which does not contain any pork rib meat;

16

(g)     The nature of the relief, including equitable relief, to which Plaintiffs and Class Members are entitled; and

(h)     Whether Plaintiffs and Class Members are entitled to damages, civil penalties, and/or injunctive relief.

50.     *Typicality*. Plaintiffs' claims are typical of the claims of the Class Members' claims and arise from the same course of conduct by McDonald's. Plaintiffs, like other Class Members, purchased the McRib at a price premium based on the reasonable but false belief that it contained actual pork rib meat. The relief Plaintiffs seek is typical of the relief sought on behalf of the absent Class Members.

51.     *Adequacy of Representation*. Plaintiffs will fairly and adequately represent and protect the interests of the Classes. Plaintiffs have retained counsel with substantial experience in prosecuting consumer class actions. Plaintiffs intend to prosecute this action vigorously. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Classes and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests adverse to those of the Classes.

52.     *Superiority*. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudications of the asserted claims. There will be no difficulty in the management of this action as a class action, and the disposition of the claims of the Class Members in a single action will provide substantial benefits to all parties and to the Court. Damages for any individual Class Member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, McDonald's' violations of law inflicting substantial damages in the aggregate would go un-remedied.

53.     Class certification is also appropriate under Rule 23(b)(2), because McDonald's have acted and refused to act on grounds generally applicable to each Class, thereby making appropriate final relief with respect to each Class as a whole.

54.     Plaintiffs are not aware of any obstacles likely to be encountered in the management of this action that would preclude its maintenance as a class action. Rule 23 provides the Court with the authority and flexibility to maximize the efficiencies and benefits of the class mechanism and reduce management challenges. The Court may, on motion of Plaintiffs, or on its own determination, certify nationwide, statewide and/or multistate classes for claims sharing common legal questions; utilize the provisions of Rule 23(c)(4) to certify any particular claims, issues, or common questions of fact or law, for class- wide adjudication; certify and adjudicate bellwether class claims; and utilize Rule 23(c)(5) to divide any Class into subclasses.

### CLAIMS FOR RELIEF

#### FIRST CAUSE OF ACTION

#### Fraudulent Omission or Concealment

(On behalf of Plaintiffs and the Nationwide Class and all Sub-Classes)

55.     Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

56.     At all relevant times, McDonald's was engaged in the business of marketing, distributing, and selling the McRib.

57.     McDonald's, acting through its representatives or agents, delivered and sold the McRib to its own franchises, distributors and various other distribution channels for consumer consumption.

58.     McDonald's willfully, falsely, and knowingly omitted various material facts regarding the quality and character of the McRib—namely, that despite its name and distinctive rib-like shape, it does not actually contain any actual pork rib meat. McDonald's knew these facts would be material to reasonable consumers but still chose not to disclose them.

59.     Rather than inform consumers of the truth regarding the McRib—that it did not contain any pork rib meat—McDonald's concealed this material information.

60.     McDonald's omitted this material information to drive sales for the McRib. Consumers would not have purchased the McRib or would only have been willing to pay substantially less for it had they known the truth.

61.     Plaintiffs and Class Members reasonably relied upon McDonald's naming and marketing of the McRib when making their purchasing decisions. Indeed, consumers who purchase food products from restaurants reasonably rely upon their representations towards the composition of those food products when deciding to make their purchasing decisions. This is particularly true when reasonable consumers purchase from well-known, nationwide brands such as McDonald's.

62.     Plaintiffs and Class Members did not have reason to suspect that McDonald's would omit or conceal material information about the McRib. Nor did they have an independent duty to investigate the true contents of the McRib, particularly considering McDonald's naming and branding of the sandwich.

63.     As the manufacturer and distributor of the McRib, McDonald's had a duty to ensure the accuracy of the representations it disseminated regarding the McRib and prevent reasonable consumers from being misled by them. McDonald's did not fulfill this duty.

64.     McDonald's was in a superior position to know the falsity and/or misleading nature of its representations with respect to the McRib's composition.

65.     McDonald's actively concealed the above-described material facts from Plaintiffs and Class Members. McDonald's knew, at all times, that the McRib did not contain any pork rib meat. Despite this, McDonald's chose to name the sandwich the "McRib" and to make the patty shaped like a pork rib. At the same time, McDonald's did not disclose to consumers that the McRib did not contain any pork rib meat but instead omitted and suppressed that material fact to drive sales.

66.     Plaintiffs and Class Members sustained injury when they purchased McRib sandwiches at a price premium under the reasonable but false belief that they contained actual pork rib meat when they did not.

67.     McDonald's' wrongful actions and inactions were deliberate and done with intent to defraud. McDonald's' wrongful actions and inactions were done in part to enrich itself at the expense of consumers and gain commercial advantage over competitors.

68.     Plaintiffs and Class Members are entitled to full or partial refunds for the diminished value of their McRib sandwiches due to McDonald's' omissions and concealment, the amounts of which are to be proven at trial.

**SECOND CAUSE OF ACTION**

**Fraudulent Misrepresentation**

(On behalf of Plaintiffs and the Nationwide Class and all Sub-Classes)

69.     Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

70.     At all relevant times, McDonald's was engaged in the business of marketing, distributing, and selling the McRib.

71.     McDonald's, acting through its representatives or agents, delivered and sold the McRib to its own franchises, distributors and various other distribution channels for consumer consumption.

72.     McDonald's willfully, falsely, and knowingly misrepresented various material facts regarding the quality and character of the McRib—namely, that despite its name and distinctive rib-like shape, it does not actually contain any pork rib meat. McDonald's knew these facts would be material to reasonable consumers but still chose not to disclose them.

73.     Rather than inform consumers of the truth regarding the McRib's lack of rib composition, McDonald's engaged in the above-described material misrepresentations.

74.     McDonald's made these material misrepresentations to boost or maintain sales of the McRib, and to falsely induce consumers into overpaying for the McRib under the reasonable but mistaken belief that they contained actual pork rib meat. McDonald's misrepresentations were material to reasonable consumers and played a significant role in the value of the sandwiches purchased.

75.     Plaintiffs and Class Members reasonably relied upon McDonald's naming and marketing of the McRib when making their purchasing decisions. Indeed, consumers who purchase food products from restaurants reasonably rely upon their representations towards the composition of those food products when deciding to make their purchasing decisions. This is

particularly true when reasonable consumers purchase from well-known, nationwide brands such as McDonald's.

76.     Plaintiffs and Class Members had no reason to suspect Defendant of misrepresenting material information about the McRib. Nor did Plaintiffs and Class Members have an independent duty to investigate McDonald's representations regarding the McRib's meat composition.

77.     As the manufacturer, seller and distributor of the McRib, McDonald's had a duty to ensure the accuracy of the representations it disseminated regarding the McRib—including by ensuring that its name and shape were not misleading. McDonald's did not fulfill this duty.

78.     McDonald's was in a superior position to know the falsity and/or misleading nature of the McRib's name and meat composition.

79.     McDonald's misrepresented material facts to pad and protect its profits. McDonald's knew that consumer confusion about the McRib's composition—including that their reasonable but mistaken belief that the McRib contained actual pork rib meat—drove increased sales. The benefits McDonald's obtained by knowingly and intentionally misleading consumers by naming its product "the McRib" and by shaping it to resemble pork ribs came at the expense of Plaintiffs and Class Members.

80.     Plaintiffs and Class Members were unaware of these material misrepresentations and would either have not purchased the McRib or would only have been willing to pay substantially less for it, if they had known the truth.

81.     Plaintiffs and Class Members sustained injury due to their purchases of the McRib, which did not live up to their reasonable expectations. Plaintiffs and Class Members overpaid for McRib sandwiches that did not contain actual rib meat.

82.     McDonald's' wrongful actions and inactions were deliberately and done with the intent to defraud. McDonald's' wrongful actions and inactions were done in part to enrich itself at the expense of consumers and gain commercial advantage over competitors.

83.     Plaintiffs and Class Members are entitled to full or partial refunds for the diminished value of their McRib sandwiches due to McDonald's' omissions and concealment, the amounts of which are to be proven at trial.

## THIRD CAUSE OF ACTION

## Negligent Misrepresentation

(On behalf of Plaintiffs and the Nationwide Class and all Sub-Classes)

84.     Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

85.     At all relevant times, McDonald's was engaged in the business of producing, distributing, and selling the McRib.

86.     McDonald's negligently and recklessly misrepresented and omitted material facts about the McRib—namely, that despite its name and distinctive rib-like shape, it does not actually contain any pork rib meat.

87.     McDonald's omissions are deceptive, and their representations are false. The McRib contains no actual pork rib meat whatsoever.

88.     McDonald's representations regarding the McRib, which it made affirmatively through uniform representations, were material and considered by consumers before making their purchasing decisions.

89.     Plaintiffs and Class Members purchased the McRib under the reasonable but mistaken belief that it contained actual pork rib meat when it did not.

90.     McDonald's knowingly made false representations about the McRib—such as by naming it the "McRib"—whilst fully aware that it did not contain any pork rib meat. In fact, McDonald's intended for Plaintiffs and Class Members to rely on these deceptive claims.

91.     McDonald's intentionally disseminated those representations through television, the internet, and other media channels, aiming to persuade the public to purchase what was falsely portrayed as a sandwich containing actual pork rib meat. Every single one of those representations was made in the same uniform manner: all stated that the product was named the "McRib" and displayed its distinctive, pork rib-like shape.

22

92.    Plaintiffs and Class Members reasonably relied upon McDonald's representations. Plaintiffs and Class Members reasonably believed that McDonald's' representations were accurate and thus purchased the McRib under the reasonable but false belief that they contained actual pork rib meat.

93.    As a result, Plaintiffs and Class Members suffered harm when they overpaid for McRib sandwiches that they otherwise would not have paid for or would only have been willing to pay substantially less for. Plaintiffs and Class Members did not receive the benefit of their bargains.

94.    Plaintiffs' and Class Members' reliance on McDonald's misrepresentations and omissions were substantial factor in causing this harm. If Plaintiffs and Class Members were informed prior to purchasing their McRib that they did not contain pork rib meat as its name reasonably implied, that fact would have been material to their purchasing decisions.

95.    As a direct and proximate result of McDonald's' negligence in misrepresenting and failing to disclose the lower-quality composition of the McRib, Plaintiffs and Class Members have suffered harm. They were deprived of the product they reasonably expected and are entitled to recover damages in an amount to be determined at trial, exceeding the minimum jurisdictional threshold of this Court.

### FOURTH CAUSE OF ACTION

### Fraud

(On behalf of Plaintiffs and the Nationwide Class and all Sub-Classes)

96.    Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

97.    McDonald's knowingly marketed and sold the McRib in a misleading manner. Through its name, branding and distinctive shape. McDonald's affirmatively misrepresented material facts about the McRib which misled reasonable consumers into believing that the sandwich contained actual pork rib meat when it did not.

98.    At the same time, McDonald's did not disclose facts about the McRib which it knew would be material to consumers. Instead, McDonald's omitted and concealed the fact that

the McRib did not contain any pork rib meat, despite being named the "McRib" and its patty being shaped like a pork rib.

99.     McDonald's knew, or should have known, that its naming, branding, shape, advertisements and marketing of the McRib falsely portrayed to the consuming public that the McRib contained, at least in some part, actual pork rib meat.

100.     McDonald's also knew, or should have known, that whether the McRib contained any actual pork rib meat was a material fact to reasonable consumers. That is why it named the sandwich the "McRib" and shaped its patty to resemble an actual pork rib. Further, McDonald's also knew that a reasonable consumer would rely upon its representations of the McRib when making their purchasing decisions.

101.     McDonald's, through its naming, advertisement and marketing of the McRib, has proven that it, in fact, intended to deceive Plaintiffs and Class Members. McDonald's intended that Plaintiffs and Class Members rely on the name of the McRib, as well as its distinctive pork rib-like shape, when purchasing the sandwich. Plaintiffs and Class Members did so rely on McDonald's naming, advertisements and marketing, reasonably but mistakenly believing that the sandwich contained actual pork rib meat.

102.     Plaintiffs' and Class Members' reliance was justified. Plaintiffs and Class Members did not know, nor could they have known through reasonable diligence, about McDonald's fraud. They also could not have known that companies as large and well known as McDonald's would brazenly mislead the consuming public with its product names and marketing without facing consequences. Plaintiffs and Class Members became aware of the truth of the McRib—that it did not contain any actual pork rib meat—until after they have purchased the McRib on at least one occasion.

103.     Plaintiffs and Class Members are reasonable in relying on McDonald's misrepresentations in making their decisions to purchase the McRib. Plaintiffs and Class Members had the right to rely on McDonald's naming, marketing and advertising of the McRib.

104. Plaintiffs and Class Members sustained damages in relying on McDonald's omissions and misrepresentations. Plaintiffs and Class Members have sustained actual losses and damages in a sum to be determined at trial, including punitive damages.

**FIFTH CAUSE OF ACTION**

**Breach of Warranty for Fitness for a Particular Purpose, U. Com. Code § 2-315**

(On behalf of Plaintiffs and the Nationwide Class and all Sub-Classes)

105. Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

106. McDonald's is a "seller" as defined under Uniform Commercial Code § 2-103(1)(d).

107. The McRib is a "good" as defined under section 2-105(1).

108. Plaintiffs and Class Members are "buyers" as defined under section 2-103(1)(a).

109. At the time McDonald's sold the McRib to Plaintiffs and Class Members, it knew or had reason to know that reasonable consumers would expect the sandwich to contain actual pork rib meat. That McDonald's knew or should have known this is demonstrated by its naming, marketing and advertising of the sandwich.

110. As the manufacturer and distributor of the McRib, McDonald's had sole and exclusive knowledge of the true composition of the McRib, including that it did not contain any pork rib meat whatsoever. McDonald's did not disclose these material facts to the consuming public. Instead, it concealed and omitted them, whilst maintaining its misleading naming, advertising and marketing of the sandwich.

111. McDonald's had reason to know that Plaintiffs and Class Members reasonably expected the McRib to contain actual pork rib meat. Plaintiffs and Class Members, in reliance on McDonald's naming, advertising and marketing of the McRib, purchased the sandwich in part because they reasonably but mistakenly believed that it contained actual pork rib meat. Ultimately, the McRib did not contain any actual pork rib meat.

112. McDonald's did not clearly disclaim that the McRib did not have actual pork rib meat prior to consumer purchase. Accordingly, any purported disclaimer of this information by McDonald's in post-purchase materials is void.

113. McDonald's' breach of the implied warranty of fitness for a particular purpose induced consumers into paying for actual pork rib meat sandwiches that they ultimately did not receive. In other words, the McRib sandwiches that Plaintiffs and Class Members did receive were not fit for their particular purpose because they did not contain any actual pork rib meat.

114. As a direct and proximate result of McDonald's wrongful actions and inactions, Plaintiffs and Class Members sustained damages when they paid substantially more for their McRib sandwiches than they otherwise would have had they know the truth. Plaintiffs and Class Members are entitled to recover damages in an amount to be determined at trial, exceeding the minimum jurisdictional threshold of this Court.

**SIXTH CAUSE OF ACTION**

**Breach of Express Warranty, U. Com. Code § 2-313**

(On behalf of Plaintiffs and the Nationwide Class and all Sub-Classes)

115. Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

116. McDonald's is a "seller" as defined under Uniform Commercial Code § 2-103(1)(d).

117. The McRib is a "good" as defined under section 2-105(1).

118. Plaintiffs and Class Members are "buyers" as defined under section 2-103(1)(a).

119. At all relevant times, McDonald's manufactured, distributed, advertised, and promoted the McRib.

120. At all relevant times, McDonald's expressly warranted to Plaintiffs and Class Members, by and through statements, descriptions and affirmations of fact made by McDonald's or its authorized agents or sales representatives, orally and in writing, in product advertisements and marketing materials and other written materials intended for the general public, that the McRib

sandwich contained actual pork rib meat. McDonald's did so by including the word "Rib" in the name of the sandwich, and by shaping its patty to resemble a boneless pork rib.

121.    These express warranties by McDonald's run to every Plaintiff and Class Member. The name and shape of the McRib, which were created at the direction of McDonald's, are used in every advertisement or consumer-oriented depiction of the sandwich.

122.    In reliance upon McDonald's express warranties, Plaintiffs and Class Members purchased the McRib under the reasonable and mistaken belief that they contained actual pork rib meat.

123.    The McRib did not conform to the McDonald's promises, descriptions and affirmations of fact—they did not contain any actual pork rib meat. Nevertheless, McDonald's continued to market, and directed its agents to market, the McRib by means of false and misleading information without regard to its actual meat composition.

124.    At the time of making such express warranties, McDonald's knew or should have known that the McRib did not actually contain any actual pork rib meat.

125.    Consumers, including Plaintiffs and Class Members, relied upon McDonald's representations and warranties when purchasing the McRib.

126.    McDonald's breached its express warranties to consumers, including Plaintiffs and Class Members, because the McRib were not as advertised, marketed, or warranted: they did not contain any actual pork rib meat.

127.    McDonald's wrongful actions and omissions in the naming, advertising, and marketing of the McRib constitutes a breach of express warranties in violation of section 2-313.

128.    Plaintiffs and Class Members have sustained damages in reasonably but mistakenly relying on Defendant's misrepresentations and omissions to purchase the McRib. Plaintiffs and Class Members have sustained actual losses and damages in a sum to be determined at trial.

## SEVENTH CAUSE OF ACTION

## Breach of Contract

(On behalf of Plaintiffs and the Nationwide Class and all Sub-Classes)

129. Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

130. McDonald's solicited and invited Plaintiffs and Class Members to purchase the McRib. Plaintiffs and Class Members accepted McDonald's' offers and purchased the McRib from McDonald's.

131. Plaintiffs and Class Members formed contracts with McDonald's at the time they purchased the McRib. The terms of those contracts included the promises and affirmations made by McDonald's that the McRib would contain actual rib meat, as indicated by the inclusion of the word "Rib" in its name and by its distinctive, pork rib-like shape.

132. The terms of those contracts included, through McDonald's use of the word "Rib" in the sandwich's name and through its distinctive, pork rib-like shape, that the McRib sandwiches sold to Plaintiffs and Class Members would include at least some actual pork rib meat.

133. Plaintiffs and Class Members reasonably relied upon McDonald's representations, omissions and concealments in entering their contracts with McDonald's. Plaintiffs and Class Members performed their obligations under their contracts with McDonald's by paying for the McRib sandwiches they purchased.

134. The McRib did not perform as advertised or as promised—they did not contain any actual pork rib meat. Accordingly, McDonald's breached its contracts with Plaintiffs and Class Members.

135. As a direct and proximate cause of McDonald's' breach, Plaintiffs and Class Members have suffered damages in form of the loss of their benefits of the bargain. Plaintiffs and Class Members overpaid for a McRib sandwich that did not contain any actual pork rib meat, which they would not have purchased or would only have purchased for a lower price had they known the truth. Plaintiffs and Class Members seek damages in a sum to be determined at trial.

**EIGHT CAUSE OF ACTION**

**Breach of the Duty of Good Faith and Fair Dealing**

(On behalf of Plaintiffs and the Nationwide Class and all Sub-Classes)

136.    Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

137.    In every contract or agreement there is an implied promise of good faith and fair dealing.

138.    McDonald's entered into contracts with Plaintiffs and Class Members at the time it sold McRib sandwiches to them. During those transactions, McDonald's represented to Plaintiffs and Class Members—by including the word "Rib" in the name of the sandwich and through its distinctive, pork rib-like shape—that the McRib would contain actual pork rib meat.

139.    Plaintiffs and Class Members reasonably relied upon McDonald's representations that the McRib had actual pork rib meat prior to purchasing the sandwich.

140.    The McRib was not as advertised or promised—it did not contain any actual pork rib meat.

141.    Plaintiffs and Class Members performed their obligations under their contracts with McDonald's. McDonald's McRib, however, did not perform as advertised or promised. Further, McDonald's did not inform consumers of these material facts but instead concealed and omitted them. Instead, McDonald's chose to misleadingly name, advertise and market the McRib, despite that it knew or reasonably should have known that reasonable consumers would be misled. Accordingly, McDonald's breached its duty of good faith and fair dealing.

142.    McDonald's' actions are objectively unreasonable considering its conduct.

143.    McDonald's conduct evaded the spirit of the bargain made with Plaintiffs and Class Members. McDonald's conduct denied Plaintiffs and Class Members the benefits of their bargains because they did not receive a McRib containing actual pork rib meat.

144.    As a result of McDonald's breach of the duty of good faith and fair dealing, Plaintiffs and Class Members have suffered damages in a sum to be determined at trial.

## NINTH CAUSE OF ACTION

## Quasi-Contract/Unjust Enrichment

(On behalf of Plaintiffs and the Nationwide Class and all Sub-Classes)

145.     Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

146.     This cause of action is pled in the alternative to Plaintiffs other cause of action which seek remedies at law.

147.     McDonald's unjustly enriched itself at the expense of Plaintiffs and Class Members by misrepresenting, omitting, and concealing material facts about the McRib—namely, that despite its name and distinctive shape, it did not contain any actual pork rib meat. McDonald's thereby retained a financial benefit from Plaintiffs and Class Members through deceptive means. McDonald's wrongful actions and inactions have resulted in inequity.

148.     Defendant benefitted unfairly through their unjust conduct. As a result, Plaintiffs and Class Members have overpaid for McRib sandwiches that they would not have otherwise purchased or would have only otherwise purchased for a lower price.

149.     It is inequitable for McDonald's to retain these benefits obtained at the expense of Plaintiffs and Class Members.

150.     As a result of McDonald's' unjust actions and inactions, Plaintiffs and Class Members have suffered injury in an amount to be proven at trial.

## TENTH CAUSE OF ACTION

## Violation of Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*

(On behalf of Plaintiff Le and the California Sub-Class)

151.     Plaintiff Le, individually and on behalf of the California Sub-Class, repeats and alleges all foregoing paragraphs of this Complaint as if fully alleged herein.

152.     The Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750, *et seq.* is a comprehensive statutory scheme that is to be liberally construed to protect California consumers against unfair or deceptive business practices in connection with the conduct of businesses

providing goods, property, or services to consumers primarily for personal, family, or household use.

153.    In accordance with the liberal application and construction of the CLRA, application of the CLRA to all California Sub-Class Members is appropriate, given that McDonald's marketed and sold the McRib in California and Sub-Class Members purchased the McRib in California.

154.    McDonald's is a "person" as defined under section 1761(c) and 1770 and has provided "goods" as defined by sections 1761(a) and 1770.

155.    Plaintiffs and Sub-Class Members are "consumers" as defined by sections 1761(d) and 1770 and have engaged in a "transaction" as defined by sections 1761(e) and 1770.

156.    McDonald's acts and practices were intended to and did result in the sales of products to Plaintiffs and Sub-Class Members in violation of section 1770, including:

a.    Representing that goods or services have characteristics and uses that they do not have;

b.    Representing that goods or services are of a particular standard, quality, or grade when they are not;

c.    Advertising goods or services with intent not to sell them as advertised; and

d.    Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

157.    McDonald's representations and omissions regarding the McRib were material because they were likely to deceive reasonable consumers.

158.    Had McDonald's disclosed to Plaintiffs and Sub-Class Members that the McRib did not contain any actual pork rib meat, Plaintiffs and Sub-Class Members would have made different purchasing decisions—such as not purchasing the McRib or only being willing to purchase it for substantially less.

159.    Plaintiffs and Sub-Class Members acted reasonably in relying on McDonald's representations and omissions, the truth of which they could not have reasonably discovered on their own.

160.     As a direct and proximate result of McDonald's violations, Plaintiffs and Sub-Class Members have suffered injury in the form of ascertainable monetary and non-monetary losses. Such damages have arisen from their not receiving the benefit of their bargains in purchasing the McRib.

161.     In compliance with section 1782(a) Plaintiffs served written notice to McDonald's by certified mail advising it of its violations of the CLRA contemporaneously with the filing of this complaint. Should McDonald's fail to cure its violations within the requisite time period, Plaintiffs will seek to amend the Complaint to seek all permissible relief, including but not limited to statutory damages, and to state that Plaintiff gave McDonald's proper notice.

162.     As a result of McDonald's wrongful actions and inactions, Plaintiffs and Sub-Class Members have suffered injury and are entitled to any and all relief allowed by law, but more than the minimum jurisdictional requirement of this Court.

### ELEVENTH CAUSE OF ACTION

**Violation of False and Misleading Advertising Law, Cal. Bus. & Prof Code § 17500, *et seq.***

(On behalf of Plaintiff Le and the California Sub-Class)

163.     Plaintiff Le, individually and on behalf of the California Sub-Class, repeats and alleges all foregoing paragraphs of this Complaint as if fully alleged herein.

164.     McDonald's acts and practices, as described herein, have deceived and/or are likely to continue to deceive Sub-Class Members and the public. As discussed, McDonald's misrepresented the McRib had rib meat when in fact they did not.

165.     McDonald's marketing and advertising of the McRib was uniform throughout the state of California. That advertising—which included the name "McRib" and the sandwich's distinctive pork rib-like shape—was inherently unfair, deceptive, untrue, and misleading within the meaning of the False and Misleading Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500, *et seq*. Such advertisements were intended to and did deceive the public for the reasons detailed herein.

166.     The above-described false, misleading, and deceptive advertising McDonald's disseminated continues to have a likelihood to deceive. McDonald's continues to advertise and

market the McRib in the same manner. Further, McDonald's has failed to instigate a public information campaign to alert consumers of the fact that the McRib does not contain any actual pork rib meat. As such, reasonable consumers continue to be misled.

167.    Had McDonald's disclosed these facts to reasonable consumers, Plaintiffs and Sub-Class Members would have made different purchasing decisions—such as not purchasing the McRib or only being willing to purchase it for substantially less.

168.    In making and disseminating the statements alleged herein, McDonald's knew or should have known that its advertisements were untrue and misleading in violation of California law. Plaintiffs and other Sub-Class Members based their purchasing decisions on McDonald's omitted and misrepresented material facts. The revenue to McDonald's attributable to the McRib sold as a result of those false and misleading advertisements amounts to, at least, tens of millions of dollars. Plaintiffs and Sub-Class Members were injured in fact and have lost money and property as a result of McDonald's' wrongful actions and inactions.

169.    The misrepresentations and non-disclosures by McDonald's of the material facts described and detailed herein constitute false and misleading advertising, and therefore, constitute violations of section 17500, *et seq*.

170.    As a result of McDonald's wrongful conduct, Plaintiffs and the Sub-Class Members were induced to overpay for their purchase of the McRib sandwiches. Plaintiffs and Sub-Class Members are therefore entitled to restitution as appropriate for this cause of action.

171.    Plaintiffs and Sub-Class Members seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from McDonald's unfair, unlawful, and fraudulent business practices; declaratory relief; reasonable attorneys' fees and costs under Code of Civil Procedure § 1021.5; injunctive relief; and other appropriate equitable relief.

### TWELFTH CAUSE OF ACTION

### Violation of Unfair Competition Law, Cal. Bus. & Prof Code § 17200, *et seq*.

(On behalf of Plaintiff Le and the California Sub-Class)

172.    Plaintiff Le, individually and on behalf of the California Sub-Class, repeats and alleges all foregoing paragraphs of this Complaint as if fully alleged herein.

173. In accordance with the liberal application and construction of the Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq.*, application of the UCL to Plaintiff Le and all California Sub-Class Members is proper given that McDonald's marketed and sold the McRib in California and Sub-Class Members purchased the McRib in California.

174. McDonald's are "persons" as defined by section 17201.

175. McDonald's violated the UCL by engaging in unlawful, unfair, or fraudulent business practices and unfair, deceptive, untrue, or misleading advertising, including:

   a. Knowingly designing, developing, producing, advertising, and selling the McRib, which despite its name and distinctive pork rib-like shape did not contain any actual pork rib meat;

   b. Misrepresenting material information to consumers regarding the McRib so that consumers were unable to make informed choices when purchasing the McRib; and

   c. Concealing material information to consumers regarding the McRib so that consumers were unable to make informed choices when purchasing the McRib.

176. McDonald's has engaged in "unlawful" business practices by violating multiple laws, including, *inter alia*, the MMWA, FAL, CLRA, and Uniform Commercial Code § 2-313.

177. McDonald's violated section 17200's prohibition against engaging in unlawful acts and practices by engaging in false and misleading advertising and by omitting material facts from purchasers of the McRib. Plaintiff Le reserves the right to allege other violations of the law, which constitute further unlawful business acts and practices.

178. McDonald's violated section 17200's prohibition against unfair conduct by failing to inform consumers about the truth of the McRib—that it did not contain any actual pork rib meat—and engaging in a pattern or practice of omitting or concealing those facts from consumers to induce them to purchase the McRib, thereby depriving them of the ability to make an informed purchasing decision. This conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous.

179.    The gravity of McDonald's conduct outweighs any alleged benefit, as the impact of the resulting injury sustained by Plaintiff Le and Sub-Class Members far outweighs any possible justification. McDonald's can have no possible justification for its efforts to induce Plaintiff Le and Sub-Class Members to purchase the McRib under false pretenses.

180.    Plaintiff Le and Sub-Class Members could not reasonably have avoided this injury because they reasonably relied on McDonald's representations regarding the quality and characteristics of the products it produces, advertises, and sells, as all consumers who rely on the verity of product advertising must do. McDonald's false advertisements, omissions and concealments are further violative of public policy, as expressed in, *inter alia*, the CLRA and the Uniform Commercial Code.

181.    Plaintiff Le and Sub-Class Members paid for the McRib under the reasonable but mistaken belief that they contained actual pork rib meat. Instead, they received a sandwich that did not contain any pork rib meat.

182.    McDonald's engaged in this conduct to gain an unfair commercial advantage—representing the McRib as having qualities it did not in order to induce sales that it otherwise would not have earned.

183.    McDonald's conduct also constitutes fraudulent conduct because it was likely to deceive—and did deceive— Plaintiff Le and Sub-Class Members into purchasing the McRib as a product that was something other than what was promised, and for more than they otherwise would have. McDonald's' business practices are further fraudulent because McDonald's did not deliver the McRib as advertised.

184.    McDonald's representations and omissions were material because they were likely to deceive reasonable consumers acting reasonably under the circumstances. Plaintiff Le and Sub-Class Members did not know that the McRib did not contain any actual pork rib meat. McDonald's was the only party with that knowledge, which it worked to conceal, omit and misrepresent.

185.    McDonald's fraudulent conduct led to consumers paying for McRib sandwiches that did not live up to its representations nor reasonable consumer expectations. Plaintiffs and Sub-Class Members paid for a McRib that contained actual pork rib meat but instead received one that

did not. Had Plaintiff Le and Sub-Class Members known the truth, they would have made different purchasing decisions—such as not purchasing the McRib or only being willing to purchase them for substantially less.

186.　As a direct and proximate result of McDonald's unfair, unlawful and fraudulent acts and practices, Plaintiff Le and Sub-Class Members were injured and lost money and property. They did not receive the benefit of their bargains.

187.　McDonald's acted intentionally, knowingly, and maliciously to violate the UCL. It recklessly disregarded Plaintiff Le's and Sub-Class Members' rights. McDonald's knowledge that the McRib did not contain any actual pork rib meat placed it on notice that the McRib was not delivered as promised or advertised.

188.　Plaintiff Le and Class Members seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from McDonald's' unfair, unlawful and fraudulent business practices; declaratory relief; reasonable attorney's fees and costs under Code of Civil Procedure section 1021.5; injunctive relief; and other appropriate equitable relief.

### THIRTEENTH CAUSE OF ACTION

### Unlawful Deceptive Acts and Practices, N.Y. GBL § 349, *et seq.*

(On behalf of Plaintiff Lynch and the New York Sub-Class)

189.　Plaintiff Lynch, individually and on behalf of the New York Sub-Class, repeats and alleges all foregoing paragraphs of this Complaint as if fully alleged herein.

190.　McDonald's misconduct is consumer oriented.

191.　Specifically, McDonald's represented to consumers, including Plaintiff Lynch and Sub-Class Members, that the McRib contained actual pork rib meat. McDonald's did so by naming the product the "McRib" and deliberately shaping the product to resemble a pork rib.

192.　These representations, inclusive of any disclaimer, would lead a reasonable consumer acting reasonably under the circumstances to conclude that the McRib contains at least some actual pork rib meat.

193.　These representations by McDonald's, inclusive of any disclaimer, is a deceptive act or practice. The McRib does not contain any actual pork rib meat.

194. McDonald's knew that its representations regarding the McRib were deceptive when they made them or made those representations recklessly and without regard for their truth. McDonald's knew, at all times relevant to this action, that the McRib did not contain any actual pork rib meat.

195. McDonald's also understood, or should have understood, that a reasonable consumer would not inherently know that the McRib does not contain pork rib meat. McDonald's are the only party in possession of the specific meat composition of its product. Despite this, McDonald's did not publicize that the McRib did not contain any pork rib meat but instead omitted and concealed that material fact. Nor McDonald's did not place a qualifier on their advertisements that would lead a reasonable consumer to understand that the McRib does not contain any rib meat.

196. McDonald's intended that Plaintiffs and Sub-Class Members rely on the representation. McDonald's representations about the McRib were done for the sole purpose of inducing customers to purchase the product. McDonald's recognized that naming the sandwich the "McRib" and shaping its patty to resemble an actual pork rib would generate greater consumer interest, as it suggested that the sandwich was a premium product made at least in park with actual pork rib meat, resulting in greater profits to McDonald's than it would otherwise generate from its sale. McDonald's understood, or should have understood, that a reasonable person would view the naming, advertising and marketing of the McRib and come to the reasonable but mistaken belief that the sandwich contains at least some actual pork rib meat. These representations are, therefore, consumer oriented.

197. Because the name and physical presentation of the sandwich is substantially identical between all McDonald's franchises, it affects all similarly situated consumers in the same way.

198. McDonald's naming, representations, and advertising of the McRib is misleading in a material way to reasonable consumers acting reasonably under the circumstances. Consumers who purchase the McRib do so because they believe it to contain at least some actual pork rib meat. The name and distinctive shape of the McRib thereby conveys information that is important

to consumers, and hence, is likely to affect their choice of, or conduct regarding, their purchases of the sandwich.

199.    Due to McDonald's materially deceptive conduct, Plaintiff Lynch  and Sub-Class Members paid a price premium for a product that they otherwise would not have paid for or for which they would only have been willing to pay substantially less. McDonald's representations are, therefore, misleading to consumers in a material way.

200.    Plaintiff Lynch and Sub-Class members reasonably relied on McDonald's naming and representations to their detriment. As a result of McDonald's materially misleading representations, Plaintiffs and Sub-Class Members reasonably believed that the McRib contained actual pork rib meat. Based on that reasonable belief, and because of it, Plaintiff Lynch and Sub-Class Members purchased the McRib. Plaintiff Lynch and Sub-Class members were thereby injured when they overpaid for the McRib because it did not contain any actual pork rib meat. McDonald's denied Plaintiff Lynch and the Class members the product that Plaintiff Lynch and Sub-Class Members reasonably believed they were purchasing.

201.    As a direct and proximate result of McDonald's violation of the New York General Business Law, Plaintiffs and Sub-Class Members have suffered injury and are entitled to damages in an amount to be proven at trial, including actual damages (or $50 per Sub-Class Member, whichever is greater), treble damages, and punitive damages, as well as attorney's fees and costs.

202.    Plaintiff Lynch also brings this action to enjoin the unlawful acts and practices set forth herein.

**FOURTEENTH CAUSE OF ACTION**

**False Advertising, N.Y. GBL § 350, *et seq.***

(On behalf of Plaintiff Lynch and the New York Sub-Class)

203.    Plaintiff Lynch, individually and on behalf of the New York Sub-Class, repeats and alleges all foregoing paragraphs of this Complaint as if fully alleged herein.

204.    McDonald's misconduct is consumer oriented.

205.     Specifically, McDonald's represented to consumers, including Plaintiffs and Sub-Class Members, that the McRib contained actual pork rib meat. McDonald's did so by naming the product the "McRib" and deliberately shaping the product to resemble a pork rib.

206.     These representations, inclusive of any disclaimer, would lead a reasonable consumer acting reasonably under the circumstances to conclude that the McRib contains at least some actual pork rib meat.

207.     These representations by McDonald's, inclusive of any disclaimer, is a deceptive act or practice. The McRib does not contain any actual pork rib meat.

208.     McDonald's knew that its representations regarding the McRib were deceptive when they made them or made those representations recklessly and without regard for their truth. McDonald's knew, at all times relevant to this action, that the McRib did not contain any actual pork rib meat.

209.     McDonald's also understood, or should have understood, that a reasonable consumer would not inherently know that the McRib does not contain pork rib meat. McDonald's is the only party in possession of the specific meat composition of its product. Despite this, McDonald's did not publicize that the McRib did not contain any pork rib meat but instead omitted and concealed that material fact. Nor McDonald's place a qualifier on its advertisements that would lead a reasonable consumer to understand that the McRib does not contain any rib meat.

210.     McDonald's intended that Plaintiff Lynch and Sub-Class members rely on the representations. McDonald's representations about the McRib were done for the sole purpose of inducing customers to purchase the product. McDonald's recognized that naming the sandwich the "McRib" and shaping its patty to resemble an actual pork rib would generate greater consumer interest, as it suggested that the sandwich was a premium product made at least in park with actual pork rib meat, resulting in greater profits to McDonald's than McDonald's would otherwise generate from its sale. McDonald's understood, or should have understood, that a reasonable person would view the naming, advertising and marketing of the McRib and come to the reasonable but mistaken belief that the sandwich contains at least some actual pork rib meat. These representations are, therefore, consumer oriented.

211. Because the name and physical presentation of the sandwich is substantially identical between all the McDonald's franchises, it affects all similarly situated consumers in the same way.

212. McDonald's naming, representations, and advertising of the McRib is misleading in a material way to reasonable consumers acting reasonably under the circumstances. Consumers who purchase the McRib do so because they believe it contains at least some actual pork rib meat. The name and distinctive shape of the McRib thereby conveys information that is important to consumers, and hence, is likely to affect their choice of, or conduct regarding, their purchases of the sandwich.

213. Due to McDonald's materially deceptive conduct, Plaintiffs and Sub-Class Members paid a price premium for a product that they otherwise would not have paid for or for which would only have been willing to pay substantially less. McDonald's representations are, therefore, misleading to consumers in a material way.

214. Plaintiff Lynch and Sub-Class members reasonably relied on McDonald's naming and representations to their detriment. As a result of McDonald's materially misleading representations, Plaintiff Lynch and Sub-Class Members reasonably believed that the McRib contained actual pork rib meat. Based on that reasonably belief, and because of it, Plaintiff Lynch and Sub-Class Members purchased the McRib. Plaintiff Lynch and Sub-Class Members were thereby injured when they overpaid for the McRib because it did not contain any actual pork rib meat. McDonald's denied Plaintiff Lynch and the Sub-Class Members the product that Plaintiff Lynch and Sub-Class members reasonably believed they were purchasing.

215. As a direct and proximate result of McDonald's violation of the New York General Business Law, Plaintiff Lynch and Sub-Class members have suffered injury and are entitled to damages in an amount to be proven at trial, including actual damages (or $500 per Sub-Class member, whichever is greater), treble damages, and punitive damages, as well as attorneys' fees and costs.

216. Plaintiff Lynch also brings this action to enjoin the unlawful acts and practices set forth herein.

40

**FIFTEENTH CAUSE OF ACTION**

**Violation of Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, *et seq*.**

(On behalf of Plaintiff Baker and the Illinois Sub-Class)

217.     Plaintiff Baker, individually and on behalf of the Illinois Sub-Class, repeats and alleges all foregoing paragraphs of this Complaint as if fully alleged herein.

218.     The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/2 prohibits  "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression, or omission of any material fact, or the use or employment of any practice described in Section 2 of the [ICFA] in the conduct of any trade or commerce . . . whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

219.     McDonald's acts and practices regarding the McRib violated the ICFA because they constitute unfair or deceptive acts or practices prohibited under 815 ILCS 505/2. As alleged above, McDonald's omitted, concealed, and misrepresented key material facts about the McRib— namely that despite its name and distinctive shape, it did not contain any actual pork rib meat— to consumers with the intent that Plaintiff Baker and Sub-Class Members would rely upon those omissions, concealment, and misrepresentations. As a result, Plaintiff Baker and Sub-Class Members were reasonably mislead into purchasing the McRib when they otherwise would not have done so or would only have done so at a substantially lower price.

220.     McDonald's advertising practices for the McRib, including the use of the name "McRib" and the deliberate shaping of its patty to resemble an actual pork rib, additionally constitutes a false promise and a misrepresentation of a material fact under the ICFA. These false promises and omissions, done during its conduct involving trade and commerce, reasonably misled reasonable consumers to believe that the McRib contained at least some actual pork rib meat.

221.     McDonald's so named and shaped the McRib with the intent that consumers, such as Plaintiff Baker and Sub-Class Members, would rely upon those representations to purchase the

McRib. At the same time, McDonald's omitted and concealed that the McRib did not contain any actual pork rib meat, despite that it knew or reasonably should have known that consumers would be misled by its naming and advertising.

222. By committing the acts alleged herein, McDonald's has misled Plaintiff Baker and the Sub-Class into purchasing the McRib, in part or in whole, due to the reasonable but false belief that they contained at least some actual pork rib meat. Plaintiff Baker and the Sub-Class instead received McRib sandwiches that did not contain any pork rib meat, for which they would not have paid or would only have been willing to pay substantially less.

223. As a direct and proximate result of McDonald's conduct, Plaintiff Baker and the Sub-Class have suffered actual damages in the form of the lost the benefit of their bargains. They are thus entitled to damages in an amount to be proven at trial, including compensatory damages, punitive damages, as well as attorney's fees and costs.

### SIXTEENTH CAUSE OF ACTION

**Violation of Consumer Protection Procedures Act, D.C. Code § 28-3901, *et seq*.**

(On behalf of Plaintiff Wilson and the District of Columbia Sub-Class)

224. Plaintiff Wilson, individually and on behalf of the District of Columbia Sub-Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

225. Plaintiff Wilson and Sub-Class Members are "consumer[s]" within the meaning of the District of Columbia's Consumer Protection Procedures Act (CPPA), D.C. Code § 28-3901(a)(2).

226. McDonald's is a "merchant" within the meaning of D.C. Code § 28-3901(a)(3).

227. The sale of the McRib constitutes the sale of "goods and services" within the meaning of D.C. Code § 28-3901(a)(7).

228. McDonald's violated the CPPA by engaging in an unfair or deceptive trade practice within the meaning of D.C. Code § 28-3904. McDonald's unfair or deceptive trade practices include, *inter alia*:

a. Representing that the McRib had characteristics and ingredients that it did not have—namely, that it did not contain any actual pork rib meat;

      b.     Representing that the McRib was of a particular standard, quality or grade—through its name and distinct, pork-rib like shape—when it was in fact of another;

      c.     Misrepresenting a material fact—that the McRib did not contain any pork rib meat—to consumers which had a tendency to mislead;

      d.     Failing to state a material fact when such failure tended to mislead;

      e.     Advertising goods without the intent to sell them as advertised or offered.

229.    As a direct and proximate result of McDonald's violations of the CPPA, Plaintiff Wilson and Sub-Class Members were misled into purchasing McRib sandwiches under the reasonable but false belief that they contained actual pork rib meat when in fact they did not. Had Plaintiff Wilson and Sub-Class Members been made aware of the truth would not have purchased the McRib or would only have been willing to purchase it at a substantially reduced price.

230.    McDonald's knowingly and intentionally made material misrepresentations in the naming, marketing and advertising of the McRib. At the same time, McDonald's knowingly and intentionally chose to omit and conceal material information from consumers. McDonald's knew or should have known that reasonable consumers would be misled by its material misrepresentations and omissions into believing that the McRib contained actual pork rib meat when it did not.

231.    Plaintiff Wilson and Sub-Class Members reasonably relied upon McDonald's misrepresentations and omissions to their detriment and have suffered actual monetary damages in the form of the loss of the benefit of their bargains as a result. They are thus entitled to damages in an amount to be proven at trial, including compensatory damages, punitive damages, as well as attorney's fees and costs.

232.    Additionally, Plaintiff Wilson seeks injunctive and equitable relief requiring McDonald's to cease its misleading naming, advertising and marketing of the McRib. Plaintiff Wilson continues to desire and would purchase a McRib sandwich which does include actual pork rib meat. However, absent an order requiring that McDonald's cease its current misrepresentations about the McRib until it does include actual pork rib meat, Plaintiff Wilson is left unable to

determine when or if McDonald's were to change the composition of the McRib to include actual pork rib meat to fulfill its current misleading promises.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for relief as follows:

a. An order certifying the proposed Classes, designating Plaintiffs as the named representatives of the Classes, designating the undersigned as Class Counsel, and making such further orders for the protection of Class members as the Court deems appropriate, under Federal Rule of Civil Procedure 23;

b. An order enjoining McDonald's to desist from further deceptive naming, marketing and advertising practices with respect to the McRib and such other injunctive relief that the Court deems just and proper;

c. An award to Plaintiffs and Class Members of compensatory, exemplary, and punitive remedies and damages and statutory penalties, including interest, in an amount to be proven at trial;

d. An award of attorneys' fees and costs, as allowed by law;

e. An award of prejudgment and post judgment interest, as provided by law; and

f. Such other relief as may be appropriate under the circumstances.

Dated: December 23, 2025                    Respectfully submitted,

                                              */s/ Thiago M. Coelho*
                                            Thiago M. Coelho
                                            **WILSHIRE LAW FIRM, PLC**
                                            660 S. Figueroa Street, Sky Lobby
                                            Los Angeles, California 90017
                                            Telephone: (213) 381-9988
                                            Email: *thiago.coelho@wilshirelawfirm.com*

                                            *Attorneys for Plaintiffs and all others similarly situated*

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, individually and on behalf of all others similarly situated, demand a jury trial as to all issues triable by a jury.

Dated: December 23, 2025                         Respectfully submitted,

                                     */s/ Thiago M. Coelho*

                                    Thiago M. Coelho

                                    **WILSHIRE LAW FIRM, PLC**

                                    660 S. Figueroa Street, Sky Lobby

                                    Los Angeles, California 90017

                                    Telephone: (213) 381-9988

                                    Email: *thiago.coelho@wilshirelawfirm.com*

                                    *Attorneys for Plaintiffs and all others similarly situated*